**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

SHERRY HAMMITT,

                Plaintiff,

v.                             CIVIL ACTION NO.  5:18-cv-01214

BOBBY STUMP,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Bobby Stump's Motion for Summary Judgment* (Document 48), *Defendant Bobby Stump's Memorandum of Law in Support of His Motion for Summary Judgment* (Document 49), the *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment* (Document 51), and *Defendant Bobby Stump's Reply to Plaintiff's Response in Opposition to the Motion for Summary Judgment* (Document 52). For the reasons stated herein, the Court finds that the Defendant's motion for summary judgment should be granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff filed a complaint alleging violations of her constitutional rights, pursuant to 42 U.S.C. § 1983, on August 8, 2018.[1] The events giving rise to the Plaintiff's complaint occurred on April 11, 2016, when the Plaintiff attended Raleigh County Family Court to secure a domestic

---

1 On a motion for summary judgment, the Court will consider the facts in the light most favorable to the nonmoving party. *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014).

violence protective order (DVP) against her then husband. The Plaintiff was awarded a DVP. After the hearing, the Plaintiff exited the building and began walking to her car. The Defendant, who is friends with the Plaintiff's ex-husband and who has a history of using his authority as county deputy to harass the Plaintiff, followed her to the parking lot. The Plaintiff alleges that the Defendant approached her and asked, "why in the hell was I cussing my husband out." (Pl.'s Dep. at 52.)

The Plaintiff then explained that she had not seen her ex-husband at all during that time and did not know what the Defendant was talking about, to which the Defendant replied, "Get your ass to your car now." (*Id.* at 53.) The Plaintiff's husband and cousin were sitting in a nearby car, making taunting faces toward her, and she asked the Defendant to make them stop. She raised her hand to point toward the men, at which time the Defendant knocked her hand down to her side.

The Plaintiff turned and walked toward her car. As the Plaintiff was preparing to get into her car, she set her stuff down on the hood and was then slammed down onto the hood of her car by the Defendant. The Defendant said, "I'm placing you under arrest." (*Id.* at 56.) The Defendant grabbed the Plaintiff's right arm and pulled it up behind her over the top of her shoulder, which caused it to "pop" while handcuffing her. (*Id.*) The Defendant then escorted the Plaintiff to a holding cell at the Raleigh County Circuit Court, while squeezing her arm in a manner that hurt.

As a result of this incident, the Plaintiff alleges that she sustained "serious and permanent bodily injury, including but not limited to, a shoulder injury and nerve damage, which has required medically reasonable and necessary treatment by various physicians." (Compl. at ¶ 31.) The complaint alleges that at no point during the Plaintiff's detainment and arrest was she armed or suspected of being armed, at no point did she attack or assault the Defendant, at no point did she

resist arrest, and at no point would an objectively reasonable officer believe that the Plaintiff posed a safety threat to the Defendant.

The complaint further alleges that the Defendant violated the constitutional rights guaranteed to the Plaintiff under the Fourth Amendment of the United States Constitution. As such, the Plaintiff seeks to recover compensatory damages, and attorneys' fees and cost of litigation under 42 U.S.C. § 1983. The Plaintiff also seeks an award of punitive damages, alleging that the Defendant's actions were "reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff." (Compl. at ¶¶ 39, 49.)

In addition, the Plaintiff alleges that the actions of the Defendant violated the constitutional rights guaranteed to Plaintiff under Article III, Sections 6 and 10 of the West Virginia Constitution, the Defendant committed battery upon the Plaintiff, proximately causing severe and debilitating bodily injuries, and that the Defendant "while acting within the scope of his employment, breached his duty of care to Plaintiff and was negligent in the performance of his duties." (*Id.* at ¶ 56.) The complaint alleges that the Defendant "acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain that emotional distress would result from his outrageous conduct." (*Id.* at ¶ 62.) Lastly, the Plaintiff alleges that the Defendant is liable for abuse of process.

On August 9, 2019, the Defendant submitted a motion for summary judgment and a memorandum of law in support. On August 22, 2019, the Plaintiff filed a response in opposition to the motion for summary judgment. On August 29, 2019, the Defendant submitted a reply.

## STANDARD OF REVIEW

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings,

discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); see also *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar*, 739 at 169. A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

**DISCUSSION**

With respect to the claims for negligence, intentional infliction of emotional distress, and abuse of process, summary judgment is granted in favor of the Defendant. However, the Defendant has failed to meet his burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law with respect to all other claims. Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 247.

*A. Qualified Immunity*

Qualified immunity is an affirmative defense intended to shield public officials from civil suits arising out of their performance of job-related duties. *See, e.g., Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Defendants asserting a qualified immunity defense first bear the burden of "demonstrating that the conduct of which the plaintiff complains falls within the scope of the defendant's duties." *In re Allen*, 106 F.3d 582, 594 (4th Cir. 1997) (internal quotation marks omitted.) The defense of qualified immunity is available unless the official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff…." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (internal emphases omitted). Officials are protected even if they make reasonable mistakes of fact or law, so long as they do not violate a clearly established statutory or constitutional right. *Pearson*, 555 U.S. at 231–32. "A constitutional right is 'clearly established' when its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) (internal quotation marks and citations omitted).

Courts are advised to "ask first whether a constitutional violation occurred and second whether the right violated was clearly established." *Id.* The reasonableness analysis is objective:

courts must "examine[] only the actions at issue and measure[] them against what a reasonable police officer would do under the circumstances," but the inquiry "must be filtered through the lens of the officer's perceptions at the time of the incident." *Rowland v. Perry*, 41 F.3d 167, 172−73 (4th Cir. 1994). "[T]he officer's subjective state of mind is not relevant to the qualified immunity inquiry but his perceptions of the objective facts of the incident in question are." *Id.* at 173. However, the ordinary summary judgment standard remains in effect. The Fourth Circuit explained:

> Here, as in any context, summary judgment for the movant is appropriate only if (1) there are no genuine issues of material fact, and (2) on the undisputed facts the defendant as movant is entitled to judgment as a matter of law. As indicated, the narrow threshold question whether a right allegedly violated was clearly established at the appropriate level of inquiry and at the time of the challenged conduct is always a matter of law for the court, hence is always capable of decision at the summary judgment stage. Whether the conduct allegedly violative of the right actually occurred or, if so, whether a reasonable officer would have known that that conduct would violate the right, however, may or may not be then subject to determination as a matter of law. If there are genuine issues of historical fact respecting the officer's conduct or its reasonableness under the circumstances, summary judgment is not appropriate, and the issue must be reserved for trial.

*Pritchett v. Alford*, 973 F.2d 307, 312−13 (4th Cir. 1992) (internal citations omitted).

The Fourth Circuit has also explained, in the context of a qualified immunity defense to excessive force allegations, that "the objective reasonableness of force [should be viewed] in full context, with an eye toward the proportionality of the force in light of all the circumstances." *Rowland*, 41 F.3d at 173–174. Rather than examining a single aspect of an incident in isolation, courts are to evaluate the objective reasonableness based on the totality of circumstances. *Id.* Factors to consider in excessive force cases include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively

resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Under the Fourth Amendment, there is a clearly established right to be free from excessive force. *Hicks v. Oglesby*, No. 2:15-cv-08450, 2016 WL 7473126, at *3 (S.D. W. Va. Dec. 28, 2016) (citing *Graham*, 490 U.S. at 394). Because there are "genuine issues of historical fact respecting the officer's conduct or its reasonableness under the circumstances," summary judgment is not appropriate regarding the excessive force allegations in this case. *Pritchett*, 973 F.2d at 313.

The Defendant argues that,

> With respect to her damages, other than the Plaintiff's own self-serving testimony there is no evidence to suggest that the injuries allegedly sustained by the Plaintiff were as a result of her encounter with Deputy Stump. As such, Deputy Stump's actions were reasonable and he is entitled to qualified immunity and summary judgment as a matter of law.

(Def.'s Reply at 3.) The Defendant does not offer affidavits, deposition testimony, or other evidence to show that his actions were objectively reasonable and that there are no genuine disputes of material fact as to the Plaintiff's claim of excessive force. Fed. R. Civ. P. 56(a). The Defendant's simple denial is not sufficient to show that he is entitled to judgment as a matter of law. *Id.*

Viewing the facts in the light most favorable to the Plaintiff, a reasonable jury could determine that the force used by the Defendant was excessive and that he is not entitled to qualified immunity. As such, the Defendant's motion for summary judgment on this issue should be denied.

*B. State Law Claims*

The Defendant next contends that he is entitled to immunity from state law claims pursuant to W.Va. Code § 29-12A-5(b), which provides:

> (b) An employee of a political subdivision is immune from liability unless one of the following applies:
>
>> (1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;
>>
>> (2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
>>
>> (3) Liability is expressly imposed upon the employee by a provision of this code.

Like federal qualified immunity, "[i]mmunities under West Virginia law are more than a defense to a suit in that they grant governmental bodies and public officials the right not to be subject to the burden of trial at all." *Hutchison v. City of Huntington*, 479 S.E.2d 649, 658 (W. Va. 1996).

The Defendant argues that the "Plaintiff has failed to point to or establish any evidence that [the Defendant] acted with malicious purpose, in bad faith, or in a wanton or reckless manner and no liability can be imposed on Stump under any provision of the Code." (Def.'s Reply at 6.) The Plaintiff, however, has presented evidence that she was attempting to comply with the officer's order to get into her vehicle when he slammed her against her car, with no provocation, and forcefully twisted her arm while handcuffing her despite her lack of resistance. She has also presented evidence that the officer had a history of targeting her with harassment, motivated by his friendship with her abusive husband. A jury accepting those facts as true could find that the Defendant acted in bad faith or with a malicious purpose.

Whether actions were undertaken "with malicious purpose and in bad faith are factual questions not properly resolved on summary judgment." *Mallamo v. Town of Rivesville*, 477

S.E.2d 525, 532 (W. Va. 1996). Viewing the facts and inferences in the light most favorable to the Plaintiff, a reasonable jury could infer that the Defendant's actions were "with malicious purpose, in bad faith, or in a wanton or reckless manner." W.Va. Code § 29-12A-5(b)(2). Clearly, the facts presented by the Plaintiff in her deposition raise genuine questions of material fact with respect to these issues and, therefore, the motion for summary judgment should be denied.

"West Virginia permits a plaintiff who has asserted a Section 1983 claim against a law enforcement officer to pursue an independent claim for assault, battery or other common law intentional tort even if those claims arise from the same facts as the Section 1983 claim." *Weigle v. Pifer*, 139 F.Supp. 3d 760, 775 (S.D. W. Va. 2015). Having determined that the Defendant is not entitled to summary judgment regarding immunity from state law claims, the Court will now consider the substantive state law claims.

### a. Battery

Under W.Va. Code § 61-2-9(c), "[a]ny person who unlawfully and intentionally makes physical contact of an insulting or provoking nature to the person of another or unlawfully or intentionally causes physical harm to another person" is liable for battery. Although an arresting officer may be "afforded a privilege that precludes a battery claim" when effecting an arrest, "force that would otherwise constitute a battery is not privileged if that force is excessive." *Weigle*, 139 F.Supp. at 776−77.

The Defendant argues that "Plaintiff's claim for battery must fail because Defendant Stump [was] authorized to use force that was reasonable and necessary to effectuate Plaintiff's arrest. The record is devoid of any evidence that Defendant Stump battered the Plaintiff except the Plaintiff's own self-serving testimony." (Def.'s Reply at 4.) The Defendant's simple denial of battery is not sufficient to show that he is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a).   As the Defendant appears to recognize, the Plaintiff's testimony supports her claim that he used excessive force against her.   Her testimony, of course, is evidence to be considered on summary judgment, and the Court cannot make credibility determinations or disregard any testimony characterized as "self-serving."   Such credibility determinations must be made by the jury as fact finder.

As noted above, the reasonableness of the force used by the Defendant during the arrest cannot be properly evaluated on this motion because issues of material fact are in dispute. Whether the Defendant is entitled to the privilege that precludes a battery claim depends on the resolution of the claim of excessive force.   Accordingly, the Defendant's motion for summary judgment as to the claim of battery should also be denied.

### b.  Negligence

To establish a claim of negligence, "a plaintiff must show four basic elements: duty, breach, causation, and damages."   *Weigle*, 139 F.Supp. at 779 (quoting *Hersh v. E-T Enterprises, Ltd. P'ship*, 752 S.E.2d 336, 341 (2013)).   However, negligence is distinct from intentional torts.   *Id.* "Intentional torts generally require that the actor intend the consequences of an act, not simply the act itself."   *Kawaauhau v. Geiger*, 523 U.S. 57 (1996) (quoting Restatement (Second) of Torts § 8A cmt. a (1964)) (internal quotation marks and emphasis omitted).

When officers engage in conduct designed to execute an arrest, the consequences of the conduct are typically intended.   *Weigle*, 139 F.Supp. at 780.   As such, force applied in the execution of an arrest "may give rise to an intentional tort, [but] cannot support liability predicated on negligence."   *Id.*   Accordingly, the Defendant is entitled to summary judgment and the negligence claim should be dismissed.

*C. Intentional Infliction of Emotional Distress*

In West Virginia, the tort of intentional infliction of emotional distress follows the Restatement of Torts (Second): "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Syl. pt. 6, *Harless v. First Nat. Bank in Fairmont*, 289 S.E.2d 692, 694 (W. Va. 1982). The West Virginia Supreme Court has established the following elements:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. pt. 3, *Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 421 (W. Va. 1998) (reaffirmed in *Hatfield v. Health Mgmt. Associates of W. Virginia*, 672 S.E.2d 395, 404 (W. Va. 2008). The court further explained that "whether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination." Syl. pt. 4, *id.*

Courts have struggled to answer the legal question of whether conduct may reasonably be considered outrageous. *Courtney v. Courtney*, 413 S.E.2d 418, 422 (W. Va. 1991) (reviewing several cases considering the question). Plaintiffs must make a showing that "the defendant's actions toward the plaintiff were atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency" and be viewed as intolerable in a civilized society. *Travis*, 504 S.E.2d at 425. "[C]onduct that is merely annoying, harmful of one's rights or expectations, uncivil, mean-spirited, or negligent does not constitute outrageous conduct. On the other hand, outrageous conduct can include physical violence that causes bodily harm and emotional distress." *Courtney*,

413 S.E.2d at 423–424 (internal citations removed).   In addition, both a defendant's intent and any power differential between the plaintiff and defendant can lead both a court and a fact-finder to view conduct as more extreme or outrageous.   *See Hutchinson v. W. Virginia State Police*, 731 F. Supp. 2d 521, 549−50 (S.D.W. Va. 2010) *aff'd sub nom. Hutchinson v. Lemmon*, 436 F. App'x 210 (4th Cir. 2011) (citing *Travis*, 504 S.E.2d at 426).

In support of the motion for summary judgment, the Defendant states that "the record is devoid of any evidence that Defendant Stump's conduct was atrocious, intolerable, or exceeded the bounds of decency. The Plaintiff only puts forth her sister's and her own self-serving allegations regarding Defendant Stump's conduct. . ."   (Def.'s Reply at 5.)   This, on its own, is not sufficient to show that the Defendant is entitled to summary judgment.

However, importantly, the Plaintiff has failed to proffer any evidence that she did, in fact, suffer emotional distress as a result of the Defendant's actions.   Because there has been no showing of emotional distress, the Defendant is entitled to summary judgment on this issue and the claim alleging intentional infliction of emotional distress is dismissed.

### D.  Abuse of Process

The complaint alleges that the Defendant filed a criminal complaint, prosecuting the Plaintiff for false charges.   (Compl. ¶ 68.)   The complaint was resolved when the Plaintiff pled guilty to disorderly conduct on January 17, 2017.   "An action for malicious prosecution must be brought within one year from the termination of the action alleged to have been maliciously prosecuted." Syl. Pt. 2, *Preiser v. MacQueen*, 352 S.E.2d 22 (W. Va. 1985).   As such, the Plaintiff should have filed the action for malicious prosecution by January 17, 2018.   However, this matter was not filed until August 8, 2018.   Therefore, the Plaintiff's abuse of process claim is barred by

the applicable statute of limitations and the Court grants summary judgment in favor of the Defendant.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Bobby Stump's Motion for Summary Judgment* (Document 48) be **GRANTED** as to Counts IV, V, and VI for the claims of negligence, intentional infliction of emotional distress, and abuse of process, and **DENIED** as to Counts I, II, III.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    September 25, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA